# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 14, 2026

```
* * * * * * * * * * * * * *    *
AVIA MCDANIEL,                  *
                               *
            Petitioner,         *      No. 22-1743V
                               *
v.                             *      Special Master Young
                               *
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
            Respondent.         *
* * * * * * * * * * * * * *    *
```

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Sara DeStefano*, U.S. Department of Justice, Washington, DC, for Respondent.

## DISMISSAL DECISION[1]

On November 28, 2022, Avia McDaniel ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program")[2] alleging that the influenza ("flu") vaccine Petitioner received on September 23, 2020, caused her to suffer from transverse myelitis ("TM") and sequelae. Pet. at 1–5, ECF No. 1.

On April 13, 2026, Petitioner filed a motion for a decision dismissing her petition. ECF No. 41. Petitioner stated she was unsuccessful in retaining an expert to support her case. *Id.* at 1. As such, "to proceed further would be unreasonable, and would waste the resources of this Court, Respondent, and the Vaccine Program." *Id.* Petitioner acknowledged judgment will result against her and will end her rights in the Vaccine Program. *Id.* Petitioner further acknowledged that her attorney may file for attorneys' fees and costs following the dismissal of her case and stated her

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

understanding that "Respondent expressly reserves the right to oppose, if appropriate, her application for costs." *Id.* at 1–2. She also stated her intent to preserve her right to file a civil action in the future pursuant to 42 U.S.C. § 300aa-21(a)(2) and therefore she intends to elect to reject judgment. *Id.* at 2.

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that Petitioner's alleged injury was caused by the flu vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

/s/ Herbrina D. S. Young
Herbrina D. S. Young
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.